**TULI VIVAO, Plaintiff**

**v.**

**PEŃI ALEPENI AND MEMBERS OF HIS FAMILY, Defendants**

High Court of American Samoa
Trial Division

CA No. 57-95

July 24, 1995

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Ellen A. Ryan
 For Defendants, Albert Mailo

Order Denying Motion For Relief From Judgment:

## HISTORY

This matter came on regularly for hearing on July 14, 1995, upon defendants' motion for relief from judgment entered by this court on June 5, 1995. In that judgment, we granted plaintiff summary relief, pursuant to A.S.C.A. §§ 43.1401 *et seq.*, and ordered the eviction of defendant from plaintiff's lunch wagon; plaintiff was also awarded $1,200 from defendant in rent arrearage. We further noted the absence of defendant or any representing attorney at trial. In the motion for relief from judgment, filed June 19, 1995, defense counsel, Albert Mailo, claimed "excusable neglect," and further argued that the judgment was "void" under T.C.R.C.P. 60(b). Counsel Mailo excused himself for neglecting to look at the court's amended summons and therefore failing to notice that trial of the matter had been set for the appointed day. Counsel contends that the judgment is void because defendant holds a lease obtained from the American Samoa Government ("ASG") for the property upon which the

147

lunch wagon is located, and is therefore entitled to some type of relief from an absolute eviction. Subsequent to the hearing of defendant's motion, ASG filed a motion to intervene on June 30, 1995, citing its leasehold agreement with defendant for the land on which the lunch wagon has been located.

## DISCUSSION

### I. Excusable Neglect

Counsel Mailo's inability to keep track of his calendar is hardly an excusable neglect. This court has previously held that an attorney's inexplicable failure to move for a continuance when the attorney and client were off-island was not excusable within the meaning of T.C.R.C.P. 60(b). *Scratch v. Sua*, 23 A.S.R. 2d 20, 21-22 (Land & Titles Div. 1992); *Scratch v. Sua*, 22 A.S.R.2d 53, 54 (Land & Titles Div. 1992). In the aforementioned case the attorney was off-island for a family emergency and the client was off-island seeking medical attention, but the failure of counsel to properly seek a continuance made the neglect inexcusable. *Id.* If medical and family emergencies are not excusable reasons to give relief from a judgment, we are certainly not persuaded that counsel Mailo's overlooking the amended summons is "excusable." On the authority of the U.S. Supreme Court we also rejected substituted counsel's argument that the client should not suffer because of a former attorney's incompetence. *Scratch*, 23 A.S.R.2d at 21-22 (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). Relief with regard to an inexcusable mistake of an attorney lies against the attorney, not relief from judgment. *Cf. Davis v. Damrell*, 174 Cal.Rptr. 257, 259 (1981).

### II. Judgment Void

Defendants assert that their lease of the property on which the lunch wagon rests should prevent an eviction from the lunch wagon itself, rendering the existing judgment void. The question presented by this fact is whether the courts of American Samoa may evict a tenant from a mobile structure without evicting the tenant from the underlying property.

Summary eviction to "recover the premises" for failure to pay rent is taken under A.S.C.A. § 43.1405. The word "premises," as defined by A.S.C.A. § 43.1401(b) includes ". . . structures fixed or mobile, temporary or permanent, vessels, mobile trailer homes and vehicles which are used or intended for use primarily as a dwelling or as a place for commercial or industrial operations or storage." In the present case we

are concerned with a "mobile" structure which is used for "commercial . . . operations". It is therefore "premises" within the meaning of the summary eviction law, regardless of the ground upon which it may be resting at a given time. In other words, we can evict defendants from the "premises" without evicting them from the ground on which the mobile "premises" is located. Defendants may wish to evict plaintiff's lunch wagon from the leased ground, and may attempt to do so in a future action.

In our opinion granting summary eviction, we ordered that "[p]laintiff shall be restored to possession of the said lunch wagon forthwith." *Vivao v. Alenepi*, CA No. 57-95, slip op. at 3 (Trial Div. 1995). We see no reason to modify this order, but we clarify that the said eviction pertains only to the mobile lunch wagon, and not necessarily to the underlying land which is the subject of the alleged lease. We deny the defendants' motion for relief from judgment.

It is so ordered.